IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JAMES ELLIOTT THORPE          CIVIL ACTION

v.

MAYOR MIKE NUTTER, et al.          NO. 13-7231

MEMORANDUM

SHAPIRO, J.                    ~~DECEMBER~~ January 6th, 2014

 James Elliott Thorpe brings this action against Mayor
Michael Nutter, the City of Philadelphia, the Curran-Fromhold
Correctional Facility, and the Philadelphia Prison System.  The
Court understands him to be bringing claims pursuant to 42 U.S.C.
§ 1983, based on the fact that he was housed in a three-man cell
at the Philadelphia House of Correction in 1994 and 1995.
Additionally, plaintiff seeks to proceed in forma pauperis.  For
the following reasons, the Court will grant plaintiff leave to
proceed in forma pauperis and dismiss his complaint pursuant to
28 U.S.C. § 1915(e)(2)(B)(ii), because it is time-barred.

 Plaintiff is granted leave to proceed in forma pauperis
because he has satisfied the criteria set forth in 28 U.S.C. §
1915.  Accordingly, 28 U.S.C. § 1915(e)(2)(B) applies.  That
provision requires the Court to dismiss the complaint if, among
other things, it fails to state a claim.  Whether a complaint
fails to state a claim under § 1915(e) is governed by the same
standard applicable to motions to dismiss under Federal Rule of
Civil Procedure 12(b)(6), see Tourscher v. McCullough, 184 F.3d
236, 240 (3d Cir. 1999), which requires the Court to determine

1

whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quotations omitted).  The Court may dismiss a complaint based on an affirmative defense if the defense is obvious from the face of the complaint.  See Ray v. Kertes, 285 F.3d 287, 297 (3d Cir. 2002); see also Fogle v. Pierson, 435 F.3d 1252, 1258 (10 Cir. 2006).  As plaintiff is proceeding pro se, the Court must construe his allegations liberally.  Higgs v. Att'y Gen., 655 F.3d 333, 339 (3d Cir. 2011).

In § 1983 actions, federal courts apply the statute of limitations governing personal injury claims in the state where the cause of action arose.  Wallace v. Kato, 549 U.S. 384, 387 (2007).  In Pennsylvania, where plaintiff's claims arose, the relevant statute of limitations is two years.  See 42 Pa. Cons. Stat. § 5524.  The limitations period began running "when the plaintiff knew or should have known of the injury upon which [his] action is based."  Sameric Corp. v. City of Phila., 142 F.3d 582, 599 (3d Cir. 1998).

Here, plaintiff knew or should have know of his claims in 1994 and 1995, when he was subjected to the conditions of confinement of which he complains.  Accordingly, he had until some time in 1997 to file his lawsuit.  However, he did not file his complaint until December of 2013, more than 15 years after the statute of limitations expired.  As plaintiff's claims are clearly time-barred, the Court will dismiss his complaint without

2

leave to amend, because amendment would be futile.[1]  See Grayson
v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002).  An
appropriate order follows.

---

[1]Nothing in the complaint suggests a basis for tolling.

3